IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIUS KING and CYNTHIA
ROGERS,

                        **Plaintiffs,**

       **v.**                                      **1:13-cv-2763-WSD**

WAL-MART STORES EAST, LP,

                        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Defendant" or "Wal-Mart") Motion for Summary Judgment [21] and Motion to Strike [37].

## I.    BACKGROUND

On July 31, 2011, Julius King ("King"), his wife, Cynthia Rogers ("Rogers") (together, "Plaintiffs"), and their family were shopping at a Wal-Mart store in Atlanta, Georgia.  (DSMF [21.1] ¶ 1).  King was walking down a main aisle of the store behind his family members.  (Id.).  They took a left down a side aisle where drinks are located, and King continued walking straight on the main aisle to look at clothing for his daughter.  (Id. ¶ 5-6).  King took a few steps, realized he needed to find out his daughter's size, turned around, and started to walk down the main aisle

toward his family when he slipped and fell on a puddle of liquid.  (<u>Id.</u> ¶ 7).  King's fall occurred at the intersection of the main aisle and the side aisle that his family had walked down, and they were standing at the opposite end of the side aisle when he fell.  (<u>Id.</u> at ¶¶ 8, 10).  A pallet of Sprite was located at the end of the side aisle near were King fell, and a 12-pack of Sprite was on the floor.  (<u>Id.</u> ¶¶ 11, 29).  Plaintiffs did not see the liquid or the 12-pack of Sprite on the floor before King fell.  (<u>Id.</u> ¶¶ 30-31).  Plaintiffs do not know the source of the liquid and they do not know when it was spilled or how long it had been on the floor before King fell.  (<u>Id.</u> ¶¶ 32-36).

On July 23, 2013, Plaintiffs filed their Complaint [1.1] in the State Court of DeKalb County, Georgia.  King asserts a claim for negligence, alleging that Defendant failed to keep its premises safe and failed to remove a hazard, and Rogers asserts a claim for loss of consortium.

On August 19, 2013, Defendant removed the DeKalb County action to this Court based on diversity of citizenship jurisdiction.  (Notice of Removal [1]).

On February 14, 2014, Defendant moved for summary judgment.  Defendant asserts that it maintains a reasonable inspection procedure, that the procedure was in place at the time of King's fall, and that a Wal-Mart employee actually inspected

the area of King's fall within fifteen (15) to twenty (20) minutes of the accident and did not observe anything on the floor near where King fell.

## II.    DISCUSSION

### A.    Legal Standard on Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). Non-moving parties

"need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.    Legal Standard on a Negligence Slip-and-Fall Claim in Georgia

A plaintiff asserting a cause of action for negligence under Georgia law must establish (1) the existence of a duty on the part of the defendant, (2) a breach of that duty, (3) causation, and (4) damages. Rasnick v. Krishna Hospitality, Inc., 713 S.E.2d 835, 837 (Ga. 2011) (citing John Crane, Inc. v. Jones, 604 S.E.2d 822, 825 (Ga. 2004)).

4

Under Georgia premises law, a landowner owes an invitee a duty to "exercise ordinary care in keeping the premises and approaches safe."  O.C.G.A. § 51-3-1; Bartlett v. McDonough Bedding Co., 722 S.E.2d 380, 382 (Ga. Ct. App. 2012) (quoting Gaydos v. Grupe Real Estate Investors, 440 S.E.2d 545, 547 (Ga. Ct. App. 1994)).  A landowner is not an insurer of the invitee's safety.  Id. (quoting Gaydos, 440 S.E.2d at 547).  The duty extends to an invitee where the landowner has actual or constructive knowledge of a hazard *and* the invitee, in the exercise of ordinary care, lacks knowledge of the hazard.  See Whitley v. H & S Homes, LLC, 632 S.E.2d 728, 729 (Ga. Ct. App. 2006) (citing Ford v. Bank of Am. Corp., 627 S.E.2d 376, 378 (Ga. Ct. App. 2006)); see also id. (quoting Garrett v. Hanes, 616 S.E.2d 202, 204 (Ga. Ct. App. 2005)) ("The true basis for an owner's liability is his superior knowledge of the existence of a condition that could subject his invitees to an unreasonable risk of injury.").  Put another way, "a plaintiff must show that she was injured by a hazard that the owner 'should have removed in the exercise of ordinary care for the safety of the invited public.'" Ahuja v. Cumberland Mall, LLC, 821 F. Supp. 2d 1317, 1324 (N.D. Ga. 2010) (quoting Am. Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 27 (Ga. 2009)).  "[I]n a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge

of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier." Robinson v. Kroger, 493 S.E.2d 403, 414 (Ga. 1997); see also Am. Multi-Cinema, 679 S.E.2d at 27-28.

C.    Analysis

It is undisputed that Defendant did not have actual knowledge of the spilled liquid that allegedly caused King's fall.  Plaintiffs argue only that Defendant had constructive knowledge of the hazard or that there is, at least, an issue of fact whether Defendant had constructive knowledge.

A plaintiff alleging constructive knowledge of a hazard must show that (1) an employee was in the immediate vicinity and easily could have seen and removed the substance; or (2) that the substance had been on the floor for a sufficient length of time that the defendant should have discovered and removed it during a reasonable inspection.  Deborde v. KFC U.S. Properties, Inc., No. 1:05-cv-1228-JOF, 2007 WL 781881, at *2 (N.D. Ga. Mar. 12, 2007) (citing Medders v. Kroger, 572 S.E.2d 386, 388 (Ga. Ct. App. 2002)); see also Brown v. Host/Taco Venture, 699 S.E.2d 439, 442 (Ga. Ct. App. 2010); Matthews v. The Varsity, Inc., 546 S.E.2d 878, 880 (Ga. Ct. App. 2001); Roberson v. Winn-Dixie Atlanta, Inc., 544 S.E.2d 494, 495 (Ga. Ct. App. 2001).  "Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable

inspection procedure." Kauffman v. Eastern Food & Gas, Inc., 539 S.E.2d 599,
601 (Ga. Ct. App. 2000).

"In order to prevail at summary judgment based on lack of constructive
knowledge, the owner must demonstrate not only that it had a reasonable
inspection program in place, but that such program was actually carried out at the
time of the incident." Brown, 699 S.E.2d at 442; see also Webster v. S. Family
Markets of Milledgeville N. LLC, No. 5:11-cv-53, 2012 WL 426017, at *5
(M.D. Ga. Feb. 9, 2012) (citing Davis v. Bruno's Supermarkets, Inc., 587 S.E.2d
279 (Ga. Ct. App. 2003)).  "[T]o survive a motion for summary judgment, a
plaintiff must come forward with evidence that, viewed in the most favorable light,
would enable a rational trier of fact to find that the defendant had actual or
constructive knowledge of the hazard." Am. Multi-Cinema, 679 S.E.2d at 27-28.

Defendant argues that it is entitled to summary judgment because it did not
have constructive knowledge of the spilled liquid.  Defendant asserts that it not
only maintains a reasonable inspection procedure and that the procedure was in
place at the time of King's fall, but that a Wal-Mart employee actually inspected
the area of King's fall fifteen to twenty minutes before the accident and did not
observe spilled liquid on the floor.  Defendant relies on the affidavit and deposition
testimonies of Saliou Gaye, a Wal-Mart employee who was working as a shift

manager the day of King's accident.  (Gaye Aff. [21.3]; Gaye Dep. [30]).  Gaye

testified in his affidavit that Wal-Mart employees are instructed to engage in a

practice called "zone defense" or "zoning," which requires employees to

"constantly be[] aware of what is going on in the area and to look for any potential

hazards that would endanger a customer or fellow associate and correct them when

found."  (Gaye Aff. ¶ 4).  Gaye stated that "[z]oning essentially means to keep the

store clean and neat," including by "walk[ing] up and down the aisles to make sure

the aisle is free of any potential hazards," and "looking for foreign substances on

the floor."  (Id.).  Gaye testified that he engaged in the practice of zoning on

July 31, 2011, and that he "personally 'zoned' and inspected the area where [King]

fell within the hour prior to [his] fall, and no hazard existed."  (Id. ¶ 7).  At his

deposition, Gaye specifically testified:

> I walk the area 15, 20 minutes prior to the incident, I walk the area,
> me myself, I did it, and I was doing the zone defense, which is we
> walk through the whole store all the time.  So when I walk, there was
> nothing on the area.  Later on, they call.  I was the first one who ran
> back because I'm like - - I was the nearest person to that location
> because I just passed the area and I did not see anything on the floor.
> It was clean.

(Gaye Dep. 12:11-19; see also 10:15-13:1; 39:7-13).

The undisputed evidence is that the area of the accident was actually

inspected by a Wal-Mart employee minutes before King's fall.  In Georgia,

"[r]egardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action." Mucyo v. Publix Supermarkets, Inc., 688 S.E.2d 372, 375 (Ga. Ct. App. 2009) (citing Medders, 572 S.E.2d at 388); see also Matthews, 546 S.E.2d at 881; Brown, 699 S.E.2d at 443 (evidence manager inspected floor within fifteen minutes prior to plaintiff's fall and did not see spill demonstrated that defendant exercised due care in inspecting premises and lacked constructive knowledge of the hazard); Wallace v. Wal-Mart Stores, Inc., 612 S.E.2d 528, 529-32 (Ga. Ct. App. 2005) (inspection conducted fifteen to twenty minutes before fall adequate as a matter of law); Bolton v. Wal-Mart Stores, Inc., 570 S.E.2d 643, 645 (Ga. Ct. App. 2002) (plaintiff failed to establish constructive knowledge where employee stated in affidavit that he was in area ten to fifteen minutes before accident and did not see spill); Roberson, 544 S.E.2d at 495 (inspection conducted approximately fifteen minutes before fall was adequate as matter of law); Hopkins v. Kmart Corp., 502 S.E.2d 476, 478-79 (Ga. Ct. App. 1998) (inspection conducted thirty minutes before fall was adequate as matter of law); see also Benefield v. Tominich, 708 S.E.2d 563, 568 n.23 (Ga. Ct. App. 2011) (citing cases); Wallace, 612 S.E.2d at 531 n.7 (citing cases).

9

Plaintiffs suggest that a dispute of fact exists whether Wal-Mart employees in the area of the accident knew of, but ignored, the spilled liquid in the area of King's fall.  In support of this claim, Plaintiffs rely on the Affidavit of Kenneth Robinson, a stock vendor for Frito-Lay who was stocking Frito-Lay products at the Wal-Mart store at the time of King's accident.  (Robinson Aff. [31.1] ¶¶ 2-3). Robinson states that he heard someone yell and fall on the floor "pretty loudly," and that he turned in the direction of the sound and saw King lying on the floor. (Id. ¶ 4).  Robinson testified that "it appeared to him" that King had stepped into a large puddle of clear liquid and had fallen, and that "it appeared to him" that the puddle was Sprite which had leaked from a 12-pack carton that had fallen on the floor.  (Id. ¶ 5).  Robinson states generally that "[p]rior to [King's] fall, [Robinson] saw that a 12-pack carton of Sprite had fallen to the floor," that a large puddle had formed, and that he "saw Wal-Mart employees walk directly by the spill several times and not perform any actions to remove the spill from the floor or post warning signs," even though "it appeared to [Robinson] that [they] had a clear and unobstructed view of the puddle."  (Id. ¶¶ 6-7, 9).

Plaintiffs also rely on recordings from Wal-Mart's video surveillance cameras (the "video") pointed in the direction of the area where King fell.  The video shows the area from two different camera angles for approximately twenty

minutes before the accident.  Plaintiffs argue that the video corroborates Robinson's statement and shows that Wal-Mart employees walked directly by the area of King's fall ten (10) times before the accident, and that because the video does not show Gaye conducting his inspection, there is a question of fact whether the inspection was actually conducted.

Robinson does not state when the alleged spill occurred, when he noticed it, how close he was to it, or how long it was on the floor before King's fall, and by Plaintiffs' own characterization, "the exact area of Mr. King's fall cannot be seen" in the video.  (Pls' Resp. to DSMF [34] ¶ 42).  Having reviewed the video, the Court knows that the spilled liquid and the 12-pack Sprite carton are not visible on the video and it is not possible to determine when the spill occurred.  To the extent Robinson states that he saw several Wal-Mart employees walk by the spilled liquid and take no action, Robinson does not state how he knew they were Wal-Mart employees[1] and, even assuming they were, his assertion that they "had a clear and unobstructed view of the puddle of Sprite on the floor," is speculative, at best. Robinson does not state how close to the spilled liquid the Wal-Mart employees

---

[1]    While the camera shows people walking in the area where King fell, it is not possible from the video to identify any particular person or determine whether they were a Wal-Mart employee.  Robinson does not state when the spill occurred or when he noticed it.  The Court is unable to determine how many—if any at all—of the ten times, throughout the duration of the video, that Plaintiffs claim a Wal-Mart employee can be seen walking in the area, occurred *after* the liquid was spilled.

walked, or from what distance he was allegedly able to see the spill, and it is undisputed that neither King, nor Rogers, who had walked by the area of King's accident minutes earlier, noticed the spilled liquid before King fell.[2]  See, e.g., Matthews, 546 S.E.2d at 880 ("Inasmuch as the purported hazard was not readily visible to [plaintiff], she did not establish that The Varsity's employee who was 12 to 15 feet away could have easily seen and removed it."); Passmore v. Publix Supermarkets, Inc., 2011 WL 3706653, at *4 (M.D. Ga. Aug. 24, 2011) (conclusory affidavit stating that employee could have easily seen and removed water on floor not sufficient to create issue of fact whether defendant had constructive knowledge of water puddle); compare Dix v. Kroger, 570 S.E.2d 89 (Ga. Ct. App. 2002) (denying summary judgment where manager testified it was possible she would have been able to see grape on floor from where she was standing, 20-25 feet away, when she witnessed plaintiff's fall).  While Wal-Mart employees may have been in the vicinity of King's fall, Plaintiffs fail to show that they were in a position to have easily seen the spilled liquid and removed it.  See Matthews, 546 S.E.2d at 880 ("Showing that an employee was merely working in

---

[2]     The video also shows that, in the few minutes before King fell, at least four (4) people—including Rogers and other of Plaintiffs' family members—walked through the area of King's accident without incident and Gaye testified that, before King fell, no problems with spills in the area were reported that day.  (Gaye Aff. ¶¶ 5, 7).

the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it.").

The Court necessarily concludes that Robinson's Affidavit and the video do not dispute Gaye's sworn testimony that he inspected the area and further determines that no reasonable jury could find that Robinson's Affidavit or the video footage disputes Gaye's sworn testimony about his inspection and his findings from it.  See Heath v. Wal-Mart Stores East, LP, 697 F. Supp. 2d 1373, 1383 (N.D. Ga. 2010) (rejecting plaintiffs' argument that employee did not check aisle as she testified because video surveillance footage did not show her doing so; argument was mere speculation and no reasonable jury could draw that conclusion based on the evidence); Brown, 699 S.E.2d at 444 (on summary judgment, "a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists."); Mucyo, 688 S.E.2d at 375 (no fact dispute where plaintiff's circumstantial evidence – that she did not see employee prior to fall – was not inconsistent with employee's testimony that she inspected area before fall; possible that employee inspected floor without being noticed by plaintiff).

The undisputed evidence is that Gaye, pursuant to Wal-Mart's zone defense inspection procedure, inspected the area for hazards within fifteen to twenty

minutes before King's fall and did not observe any liquid or other foreign substance on the floor.  See, e.g., Roberson, 544 S.E.2d at 495 (inspection conducted approximately fifteen minutes before fall adequate as matter of law); Wallace, 612 S.E.2d at 529-32 & 531 n.7 (citing cases and holding inspection of Wal-Mart store conducted fifteen to twenty minutes before fall adequate as a matter of law); see also Order Granting Summ. J., Gootee v. Target Corp., No. 1:05-cv-887-TCB, ECF No. 48 (N.D. Ga. Mar. 5, 2007) (where defendant submitted evidence that all employees are trained to "zone" aisles and check for unsafe conditions, and employee stated in affidavit that she walked through aisle where accident occurred ten to twenty minutes beforehand, plaintiff failed to establish defendant's superior knowledge of hazard), aff'd, 256 F. App'x 253 (11th Cir. 2007).  Gaye's inspection of the area shows that Defendant exercised reasonable care in the inspection of its premises and did not have constructive knowledge of the hazard that allegedly caused King's fall.  Defendant's Motion for Summary Judgment is granted.[3, 4]

---

[3]     Having granted Defendant summary judgment on King's negligence claim, Defendant also is entitled to summary judgment on Roger's claim for loss of consortium because "[l]oss of consortium is a derivative tort, and no liability can attach where the defendant owes no tort liability to the spouse."  See Durley v. APAC, Inc., 236 F.3d 651, 658 (11th Cir. 2000).

[4]     Defendant moved to strike Robinson's Affidavit because, it claimed, Robinson lacks personal knowledge as to information included in the affidavit and

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary

Judgment [21] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike [37] is

**DENIED AS MOOT.**


**SO ORDERED** this 27th day of August, 2014.


_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

because it contained conclusory statements of fact beyond Robinson's personal
knowledge.  Because the Court finds that Robinson's Affidavit does not create a
dispute of material fact, Defendant's Motion to Strike is denied as moot.